IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tammy V. Dotson, | ) | C/A No. 3:10-881-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Avon Products, Inc., | ) | |
| Defendant. | ) | |
| _____ | ) | |

Through this action, Plaintiff, Tammy V. Dotson ("Dotson"), seeks recovery from her former employer, Avon Products, Inc., ("Avon"), for alleged discrimination and retaliation in employment. Dotson asserts three claims: (1) discrimination in violation of the Americans with Disabilities Act ("ADA"); (2) retaliation for reporting that discrimination; and (3) a state law claim for intentional infliction of emotional distress based on the same course of conduct.

The matter is before the court on Avon's motion to dismiss. For the reasons set forth below, this motion is granted in part and denied in part.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On February 8, 2011, the Magistrate Judge issued a Report recommending that Avon's motion to dismiss be granted in part and denied in part. Dkt. No. 16. Specifically, the Report recommends dismissal of (1) Dotson's retaliation claim to the extent she relies on Avon's refusal to allow her to return to work after she completed cancer treatments (but before she filed a complaint with the Equal Employment Opportunity Commission

("EEOC")); and (2) Dotson's claim for intentional infliction of emotional distress. This would leave in place Dotson's claims (1) for discrimination because she suffered from an actual disability, was regarded as disabled by Avon, or had a record of disability at the time of the alleged adverse actions, and (2) for retaliation following and based on her EEOC complaint (consisting of the cessation of benefits and salary). The Magistrate Judge also recommended denial of Avon's motion to the extent it sought dismissal of the claim for punitive damages.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Avon filed a timely objection on February 25, 2011, objecting to the extent the Report did not recommend complete dismissal of the ADA discrimination claim or dismissal of the demand for punitive damages. Dkt No. 16. Dotson did not file any objection but did respond in opposition to Avon's objection.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

### I. Retaliation and Intentional Infliction of Emotional Distress

Neither party objects to the Report's recommendation that Dotson's claim for retaliation be limited to adverse events occurring after she made her report to the EEOC. The only allegation of such an adverse event is the cessation of Dotson's salary and benefits. Likewise, there is no objection to the dismissal of Dotson's claim for intentional infliction of emotional distress. Finding no clear error in these recommendations, they are adopted.

### II.     Disability Claim

Avon argues that the Report errs in failing to recommend dismissal of the ADA discrimination claim in full because Dotson has not pled sufficient facts to support any of the following conclusions: (1) she suffered an "actual disability" at the time of the adverse employment actions; (2) Avon "regarded" her as disabled or as having a "record of" disability at the relevant time; and (3) she was terminated "because of" her disability (or Avon's perception of her disability).

The court disagrees. Although, as Avon notes, Dotson alleges that she had been released for return to work at the time of the alleged discrimination, she also alleges that "cancer and its effects substantially limited [her] ability to work and carry on daily life activities, such as performing manual tasks, walking, and learning" and that these limitations constituted an actual disability under the ADA. Amended Complaint ¶¶ 30-31. While there is a potential inconsistency between Dotson's release to return to work and her claim of a continuing disability, it is also possible she was released for return to work *despite* some continuing disability as suggested by the above-quoted language. This is, therefore, an issue for development in discovery, not a basis for dismissal.

Dotson's allegations also support the conclusion that at least some employees in her supervisory chain were aware that she had taken a leave of absence to receive treatment for Hodgkin's Lymphoma Disease.  They further suggest a mixed and inconsistent reaction to notification that she was released for return to work:  first, her co-workers hosted a return-to-work party and her immediate supervisor assigned her a car and territory; next, she was told she would be required to take the test given to new hires; thereafter, despite passing the test, she was not allowed to return to work for reasons which were either not explained or explained only as required due to a policy relating to rehires.  During some or all of this period (until she filed a complaint with the EEOC), Dotson was receiving pay and benefits.

The first shift in Avon's position as to whether Dotson could return to work does not necessarily suggest a discriminatory motive as Dotson's immediate supervisor and co-workers could have been ignorant of a rehire policy.  That Dotson was apparently placed in a pay status, however, seems to suggest involvement of a human resources or similar department.  Such a department likely should have been aware of any prohibition on rehires as well as Dotson's status as a "former" employee.  Thus, placement of Dotson in a pay status followed by imposition of other requirements for hiring/rehiring may give rise to an inference of a hidden motive.  The continued denial of return to active employment after Dotson took and passed a test normally given to new hires further supports such an inference.[1]  Coupled with her supervisor's knowledge of her prior diagnosis and treatment, the suggestion of a hidden motive is enough to raise an inference of a discriminatory motive – at least at this early stage in the proceedings.  *See generally Heiko v. Colombo Savings*

---

[1] It is not clear whether Dotson alleges she was told that there was an absolute prohibition on rehires or whether she alleges she was denied any explanation at all.  Either allegation would, however, suffice in light of the other allegations.

4

*Bank, F.S.B.*, 434 F.3d 249, 258 (4th Cir. 2006) (applying framework from *McDonald Douglas Corp. v. Green*, 411 U.S. 792 (1973) to ADA claim).

Under these circumstances, the court concludes that Dotson has adequately pleaded a claim for discrimination under the ADA based on actual disability as well as on a perception or record of disability.

### III.    Punitive Damages

Avon argues that the Report errs in failing to recommend dismissal of any claim for punitive damages based on an assumption that such a ruling would be premature. Avon further argues that Dotson has failed to allege facts which would give rise to an inference that Avon acted with malice or with reckless indifference to her federally protected rights. The court disagrees. For reasons stated above, the court concludes that the factual allegations give rise to an inference of a hidden motive. Assuming that motive is proven to be discriminatory, the decision to hide the motivation may, itself, suggest willful violation of known rights.

### CONCLUSION

For the reasons set forth above, the court adopts and incorporates the Report. The court grants Avon's motion to the extent it: (1) seeks dismissal of Dotson's claim for intentional infliction of emotional distress; and (2) limits Dotson's claim for retaliation to a claim based on the cessation of pay and benefits following her complaint to the EEOC. In all other respects, including the request to dismiss the claim for punitive damages, the motion is denied.

The court declines Avon's request to make the partial dismissal with prejudice. Whether any further amendments will be allowed will depend, *inter alia*, on whether such amendments are

justified by the discovery of information which was previously beyond Dotson's control. The matter is remanded to the Magistrate Judge for entry of a scheduling order and further pretrial proceedings.

**IT IS SO ORDERED.**

                                                            s/ Cameron McGowan Currie
                                                            CAMERON MCGOWAN CURRIE
                                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 14, 2011