IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Tammy V. Dotson, | ) | C/A No.: 3:10-881-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Avon Products, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This employment discrimination matter is before the court on the motion to compel filed by plaintiff Tammy V. Dotson ("Plaintiff") on November 18, 2001. [Entry #49]. Defendant filed a response on December 9, 2011 [Entry #50], and Plaintiff's deadline to file a reply has passed. This motion to compel having been fully briefed, it is ripe for disposition. For the reasons that follow, the court grants in part and denies in part Plaintiff's motion.

I.  Factual Background

Plaintiff first worked for Defendant for approximately six months in 1998 as a District Sales Manager in Christianburg, Virginia. [Entry #50-1 at ¶ 3]. Her supervisor was Rick Nichols. *Id.* She resigned from her position in December 1998 when her husband was relocated to South Carolina. *Id.* In February 2004, she was re-hired to serve as a Stand-In Manager in Columbia, South Carolina. *Id.* at ¶ 4. She was again supervised by Rick Nichols who had also relocated to South Carolina. *Id.* In May 2004, Plaintiff was promoted to full-time District Manager Associate. [Entry #48-1 at 23

(Wright Dep. pp. 88–89)]. On January 17, 2005, Plaintiff became the District Sales Manager ("DSM") for District No. 1404. *Id.* at 25 (Wright Dep. p. 94).

Plaintiff took a leave of absence beginning in April 2005, based on her physician's recommendation related to her diagnosis of Chronic Mononuecleosis and positive test results for Chronic Epstein Barr Virus. [Entry #50-1 at ¶¶ 8, 9]. Plaintiff was diagnosed with Hodgkin's Lymphoma Disease in July 2005. *Id.* at ¶ 11. On April 5, 2006, Plaintiff claims she was released to return to work effective May 1, 2006. *Id.* at ¶ 18.

Plaintiff was required to reapply for her position. Defendant contends this requirement was in keeping with its policy on extended absences, which rendered Plaintiff "inactive" as of April 11, 2006. [Entry #50 at 4]. Plaintiff contends reapplying was unnecessary because she was "still employed by Avon" and that Mr. Nichols assured her "this was simply a technicality." [Entry #50-1 at ¶¶ 21, 23]. Plaintiff completed the rehiring process, but was ultimately not allowed to return to work. Defendant states it decided not to "rehire" Plaintiff [Entry #50 at 7], while Plaintiff characterizes the action as a termination. [Entry #50-1 at ¶ 29].

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 24, 2006 [Entry #1 at ¶ 27], and thereafter filed this lawsuit alleging discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), as well as a state law claim of intentional infliction of emotional distress. The court dismissed Plaintiff's claim for intentional infliction of emotional distress on March 14, 2011, and limited her ADA retaliation claim to a claim

based on cessation of pay and benefits following her complaint to the EEOC. [Entry #20].

II. Discussion

In her motion, Plaintiff seeks an order compelling Defendant to: (1) have Plaintiff's immediate supervisor Rick Nichols search for relevant documents; (2) produce unredacted versions of previously-produced documents allegedly containing "comparator information"; (3) completely answer and respond to Defendant's Fifth Supplemental Request for Production Nos. 2 and 5; and (4) reconvene the deposition of Judith Wright.

A. Search for Relevant Documents by Rick Nichols

Plaintiff contends that Mr. Nichols, her immediate supervisor while employed by Defendant, testified in his deposition, "that he has never even looked for any documents regarding or relating to Tammy Dotson in the course of this litigation." [Entry #49 at 6]. Plaintiff's contention is based on deposition testimony in which Mr. Nichols stated he had not looked for e-mails, reviewed documents from his computer, or provided anybody with documents from his computer related to Plaintiff "in the last year." *Id.* at 7. Plaintiff, therefore, seeks an order compelling Mr. Nichols to search for responsive or relevant documents "in his home office, his files, his computer hard drives, his Avon e-mail account, as well as any personal files or personal e-mail accounts he may have on his laptop or desktop computer." *Id.* at 8.

Defendant argues that Plaintiff's request should be denied because she failed to confer in good faith before filing the motion and the motion is untimely pursuant to Local Civil Rule 37.01 (D.S.C.). [Entry #50 at 9–10]. Defendant also provides a declaration

from its in-house counsel, Beth London, in which Ms. London declares that Defendant provided its outside counsel with Mr. Nichols' Lotus Notes archived emails from 2005, 2006, and 2007. [Entry #50-9 at 2–3]. Ms. London further declares that Defendant sought pertinent hard copy materials from Mr. Nichols when it first received notice of Plaintiff's claim. [Entry #50-9 at 3]. Thus, Defendant states it has already produced all relevant materials in Mr. Nichols' possession.

Plaintiff has not disputed the veracity of Ms. London's declaration. In light of the declaration, Plaintiff's motion for an order requiring Mr. Nichols to search for relevant documents is denied.[1]

B. Request for Unredacted Documents Allegedly Containing "Comparator Information"

Following the deposition testimony of Harold Watkins—the supervisor who allegedly made the decision to terminate Plaintiff—that Plaintiff's performance "had been average at best, average," [Entry #47-1 at 21 (Watkins Dep. p. 78)], Plaintiff issued her Fifth Supplemental Request for Production. In Request No. 3, Plaintiff seeks "'sales to plan' numbers from January 1, 2003 through August 31, 2004, and any other numbers upon which Harold Watkins relied in making his decision not to allow Plaintiff to return to Avon." [Entry #49-3 at 4]. In Request No. 4, Plaintiff seeks "'[s]ales to plan' numbers and any other numbers for all other [District Sales Managers] during that period of time." *Id.* Defendant objected to both requests on the grounds that they were "overly

---

[1] Although the court's decision on this issue is based on Ms. London's declaration, the court notes that Plaintiff's failure to confer in good faith before filing the motion is an alternative ground for denial. *See Fort v. Leonardi*, No. 7:05-1028, 2006 WL 1487034, at *1 (D.S.C. May 26, 2006).

broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence," but provided no factual basis or other details for the objections. [Entry #49-5 at 5]. In response, Defendant produced two multi-page documents containing performance figures entitled "Leadership Participation, Variance Versus SPPY" [Entry #49-1; AVON-1336–AVON-1341] and "Legacy Campaign Flash Report." [Entry #49-2; AVON-1342–AVON1346]. The reports include the information related to Plaintiff, but the numbers related to other District Sales Managers have been redacted. Plaintiff seeks unredacted copies of these documents. [Entry #49 at 10].

Defendant first contends that Plaintiff's requests for production did not seek records from the time period relevant to Plaintiff's employment. [Entry #50 at 11–12]. Defendant, however, did not make this objection in its responses to the requests and remedied the time-period defect by producing the performance numbers for the period that it determined was relevant to the litigation. Thus, the court does not find Defendant's objection on this point persuasive. Defendant further argues that Request No. 4 is "severely overly broad and unduly burdensome" in that it seeks information on all DSMs and is not limited to those DSMs working under the same supervisors as Plaintiff. *Id.* at 12. Defendant concedes, however, that Plaintiff has now limited the scope of the request to only the information contained on the production reports already produced. *Id.* Therefore, Defendant's overbreadth argument is likewise unpersuasive.

Finally, Defendant contends that the redacted information Plaintiff seeks is irrelevant because "Watkins reviewed Plaintiff's production numbers without specific reference to how she compared to other individualized managers in her District" and

5

"gauged Plaintiff's performance based on such numbers in general." *Id.* at 12–13. Although Mr. Watkins may not have made a direct comparison of Plaintiff's performance numbers with those of other DSMs at the time of his decision, his conclusion that her performance was "average at best" was inextricably tied to his knowledge regarding the performance of other DSMs under his supervision. The court, therefore, grants Plaintiff's request for unredacted copies of the aforementioned documents.

> C. Sufficiency of Responses to Defendant's Fifth Supplemental Request for Production Nos. 2 and 5
>
> 1. Request No. 2

Request No. 2 of Plaintiff's Fifth Supplemental Request for Production seeks "[p]erformance reviews for all DSM's in Cherokee Division for year 2004." Defendant objected to this request on the grounds that it was "overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence." [Entry #49-5 at 4]. Plaintiff argues that production of the requested documents is necessary so her "performance can be accurately measured against other DSMs in the same division to determine if it was, in fact, 'average at best'" or whether Mr. Watkins's stated reason for terminating Plaintiff was pretextual. [Entry #49 at 11].

Defendant argues that Mr. Watkins's "average at best" assessment was based on Plaintiff's production numbers, which were not addressed in her performance appraisal. [Entry #50 at 13–14]. Defendant further argues that because Mr. Watkins's testimony was not based on Plaintiff's performance appraisal, there is "no rationale to produce the appraisals of other District Sales Managers to determine the meaning of 'average.'" *Id.* at 14. Despite Defendant's argument to the contrary, a plain reading of the deposition

testimony documents that Mr. Watkins's "average at best" testimony was based, at least in part, on her performance appraisals. The relevant testimony is as follows:

> Q. And did you look at her performance appraisals?
>
> A. I did.
>
> Q. And what do you recall about that?
>
> A. Average at best.

[Entry #47-1 at 21 (Watkins Dep. p. 79)]. Given the foregoing deposition testimony, the court grants Plaintiff's motion to compel on this issue and orders Defendant to produce the performance appraisals for all DSMs in the Cherokee Division for the year 2004.

### 2. Request No. 5

Request No. 5 of Plaintiff's Fifth Supplemental Request for Production seeks "Human Resources Data Change Forms for all District Sales Managers in Cherokee Division showing the change in their title from District Sales Manager to Sales Development and Business Manager." [Entry #49-3 at 4]. Defendant objected to this request on the grounds that it was "overly broad, unduly burdensome, vague, assumes facts without foundation, and not reasonably calculated to lead to the discovery of admissible evidence." [Entry #49-5 at 5]. Plaintiff argues the documents are relevant to the issues in the case and seeks an order compelling their production. [Entry #49 at 11–12].

In its response brief, Defendant admits the requested documents do not exist. It would be futile for the court to order the production of documents that are nonexistent; thus, Plaintiff's motion to compel the production of data change forms is denied.

D.  Request to Reconvene the Deposition of Judith Wright

During her deposition on September 15, 2011, Judith Wright, Defendant's Vice President of Human Resources during the relevant time period, was asked whether Defendant's in-house counsel was provided with a copy of a September 15, 2005 letter sent by Defendant to Plaintiff regarding her leave and eligibility for continued employment and return to work. [Entry #49 at 12]. Defense counsel instructed Ms. Wright not to answer the question on the basis of attorney-client privilege. *Id.* Plaintiff seeks to have Ms. Wright's deposition reconvened for the purpose of responding to this single question because Defendant did not move for a protective order within seven days of the termination of the deposition pursuant to Local Civil Rule 30.04(C) and thereby arguably waived the privilege. *Id.*

Defendant argues that Plaintiff's request should be denied because she failed to confer in good faith before filing the motion and the motion is untimely pursuant to Local Civil Rule 37.01 (D.S.C.). [Entry #50 at 15–16]. Defendant concedes, however, that the privilege objection was "likely unnecessary" and provides a declaration from Ms. Wright in which she states she does not recall providing in-house counsel with a copy of the September 15, 2005 letter. [Entry #50-2 at ¶ 10]. Because Ms. Wright has responded to the deposition question at issue in her declaration, it is unnecessary to reconvene her deposition and Plaintiff's motion on this issue is denied.

III.  Conclusion

For the foregoing reasons, Plaintiff's motion to compel discovery filed November 18, 2011 [Entry #49] is granted in part and denied in part. Defendant is ordered to

produce: (1) unredacted versions of documents labeled AVON-1336–AVON-1341 and AVON-1342–AVON1346; and (2) performance appraisals for all DSMs in the Cherokee Division for the year 2004. All documents shall be marked "Confidential" pursuant to the Confidentiality Order [Entry #35] entered in this case.

    IT IS SO ORDERED.

March 16, 2012　　　　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　　　　United States Magistrate Judge